PADOVANO, J.
 

 Dr. Thomas Abbey petitions this court for a writ of certiorari to review an order by the trial court denying his motion for summary judgment. He contends that the motion should have been granted because the statute of limitations expired before the plaintiff filed suit against him for medical negligence. We conclude that the alleged error in computing the time for filing a lawsuit did not deprive Dr. Abbey of his rights under the medical malpractice pre-suit screening statutes, and that the pretrial order denying his motion for summary judgment does not otherwise meet the test for review by certiorari. We therefore deny the petition.
 

 The plaintiff, Gertrude Patrick, filed a complaint for medical negligence against Dr. Abbey on January 17, 2007. She alleged that she had been treated by Dr. Abbey for an eye disorder, that she is now blind in her left eye, and that her blindness was caused by Dr. Abbey’s negligence. The statute of limitations for filing a medical negligence complaint would have expired on September 8, 2006, but there were several events that extended the time. The issue lying at the heart of the controversy between the parties involves a dispute over the amount of time that should have been added to the original expiration date.
 

 Mrs. Patrick filed a notice of intent to initiate litigation on July 28, 2006, and Dr. Abbey received it on August 2, 2006, thirty-seven days before the statute of limitations would have expired. According to section 766.106(4), Florida Statutes (2006), the notice had the effect of tolling the time for a period of ninety days. This extended the statute of limitations until October 31, 2006. Section 766.106(4) also provides that, if the defendant serves a notice of intent to terminate the negotiations during the extended period of time, the plaintiff
 
 *1053
 
 shall have sixty days or the remainder of the statute of limitations, whichever is greater, to file suit. Dr. Abbey served notice of his intent to terminate negotiations on October 31, 2006, and Mrs. Patrick received the notice on November 1, 2006.
 

 The parties do not dispute that Mrs. Patrick was entitled to an additional sixty days from November 1, 2006 to file suit. However, the trial judge evidently concluded that, because section 766.106(4) has the effect of “tolling” the statute of limitations, she was also entitled to the thirty-seven days left on the original time period before the tolling began. If the trial judge is correct, the complaint was timely, and Dr. Abbey’s motion for summary judgment was properly denied. If the trial judge is not correct, Mrs. Patrick’s complaint is barred by the statute of limitations.
 

 We acknowledge that some pretrial orders must be reviewed before the entry of the final judgment. However, the need for interlocutory review is addressed in Rule 9.130 of the Florida Rules of Appellate Procedure. One of the effects of this rule is that it reduces the need for common law certiorari. Quoting from an advisory committee note to the rule, the supreme court explained in
 
 Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097, 1098-99 (Fla.1987), “ ‘It is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that, since the most urgent interlocutory orders are appealable under [rule 9.130], there will be very few cases where common law certiorari will provide relief.’ ”
 

 Rule 9.130 identifies eleven classes of pretrial orders that are subject to review by interlocutory appeal. An order denying a motion for summary judgment in a medical malpractice case is not one of those orders. We begin then with the proposition that review is available only if this is one of the rare cases the court was referring to in
 
 Martinr-Johnson
 
 in which it would be appropriate to issue a writ of certiorari.
 

 A pretrial order that is not ap-pealable under rule 9.130 might be reviewable by certiorari, but unlike an appeal, certiorari is not a remedy that is available as a matter of right. Certiorari is an extraordinary remedy that is entirely within the discretion of the court.
 
 See Haines City Community Dev. v. Heggs,
 
 658 So.2d 523, 526 (Fla.1995). It is not a remedy that can be used simply because the order in question is not appealable.
 
 See State v. Smith,
 
 951 So.2d 954 (Fla. 1st DCA 2007);
 
 Cotton States Mut. Ins. v. D’Alto,
 
 879 So.2d 67 (Fla. 1st DCA 2004). As the court explained in
 
 Fassy v. Crowley,
 
 884 So.2d 359, 363 (Fla. 2d DCA 2004), certio-rari should never be used to circumvent the rules governing appeals from pretrial orders.
 

 When certiorari is used to review a pretrial order, the petitioner must show that the decision by the lower court is a departure from the essential requirements of the law and that it caused a material injury that cannot be corrected on appeal from the final judgment.
 
 See Belair v. Drew,
 
 770 So.2d 1164 (Fla.2000);
 
 Allstate Ins. Co. v. Langston,
 
 655 So.2d 91 (Fla.1995). Both of these requirements must be met before the petition may be properly granted.
 

 The phrase “departure from the essential requirements of law” is defined in this context as “ ‘a violation of a clearly established principle of law resulting in a miscarriage of justice.’”
 
 Byrd v. Southern Prestressed Concrete, Inc.,
 
 928 So.2d 455, 457 (Fla. 1st DCA 2006) (applying the definition in
 
 Combs v. State,
 
 436 So.2d 93 (Fla.1983) to a petition for writ of certiora-
 
 *1054
 
 ri directed to a pretrial order). Appellate courts do not issue writs of certiorari merely to correct an erroneous application of the law, as would be the case in a plenary appeal.
 

 One important point that emerges from these precedents is that certiorari is a remedy that should be used only in very limited circumstances. The strict prerequisites for the issuance of a writ of certio-rari exist for good reason. Our supreme court intentionally limited the use of cer-tiorari as a matter of policy, in order to prevent piecemeal review of pretrial orders. One of the best examples of the application of this policy is the decision of the court in
 
 Jaye v. Royal Saxon, Inc.,
 
 720 So.2d 214 (Fla.1998). In that case, the court held that an order striking a demand for a jury trial is not reviewable by certio-rari, because harm caused by the error can be corrected on appeal from the final judgment. That an order forcing a party to give up the constitutional right to a jury trial is not reviewable by certiorari is a point that should give appellate judges cause for the exercise of restraint in the use of certiorari in any case.
 

 With these principles in mind we turn to the specific issues that arise in the review of orders entered in the course of the medical malpractice presuit screening procedure. Certiorari may be an appropriate remedy if the error is one that resulted in the deprivation of the right to the process itself. For example, in
 
 Shands Teaching Hospital v. Miller,
 
 642 So.2d 48 (Fla. 1st DCA 1994), the plaintiff filed a notice of intent to litigate but failed to submit a
 
 corroborating
 
 affidavit. From the defendant’s point of view, the omission of the affidavit was tantamount to a complete deprivation of the mandatory screening-process. The evidence that was supposed to have been presented to support the claim and enable the parties to evaluate the claim was not presented at all. The court concluded that certiorari was proper, because the failure to provide a corroborating affidavit was a “fatal omission” from the statutory requirements.
 

 Other courts have granted certiora-ri to review orders entered in the medical malpractice presuit screening process.
 
 See, e.g., Martin Mem. Med. Ctr., Inc. v. Herber,
 
 984 So.2d 661 (Fla. 4th DCA 2008) (granting a petition for writ of certiorari because the trial court failed to determine at the hearing whether the plaintiff had conducted the good-faith presuit investigation required by the statute);
 
 Corbo v. Garcia,
 
 949 So.2d 366 (Fla. 2d DCA 2007) (granting the petition because the trial court did not require the plaintiff to comply with the presuit notice and screening statutes in an action against a physical therapist);
 
 Bonati v. Allen,
 
 911 So.2d 285 (Fla. 2d DCA 2005) (granting the petition because the plaintiff did not submit a corroborating affidavit naming the defendant as one of the persons alleged to have committed medical negligence);
 
 Miami Physical Therapy Assoc. v. Savage,
 
 632 So.2d 114 (Fla. 3d DCA 1994) (agreeing that certiorari is the proper remedy when the plaintiff did not comply with the presuit screening requirements);
 
 Pearlstein v. Malunney, 500
 
 So.2d 585 (Fla. 2d DCA 1986) (deciding that certiorari is the appropriate remedy when the plaintiffs did not comply with the presuit notice provision). The common thread running through these cases is that they all involve errors that were so serious that they effectively deprived the doctor or health care provider of the right to have the plaintiffs claim of negligence evaluated before trial. When that is the case, there is a justification for issuing a writ of certiorari. As the court observed in
 
 Parkway Bank v. Fort Myers Armature Works, Inc.,
 
 658 So.2d 646, 649 (Fla. 2d DCA 1995), the statute that af
 
 *1055
 
 fords a health care provider the right to presuit screening of a negligence claim cannot be enforced on appeal from the final judgment, because the very purpose of the statute is to avoid the filing of a lawsuit.
 

 Of course, this does not mean that every decision that is made in the course of executing the presuit screening process is reviewable by certiorari. It is not likely that certiorari would be appropriate if the trial judge has afforded the defendant the statutory procedure but has merely made a mistake of law or fact in the course of carrying it out. For example, in
 
 St. Mary’s Hospital v. Bell,
 
 785 So.2d 1261 (Fla. 4th DCA 2001), the court held that certiorari does not lie to challenge the sufficiency of the evidence presented in the presuit screening process. And in
 
 Stemerman v. Fuerst,
 
 4 So.3d 55 (Fla. 3d DCA 2009), a case that is even more directly on point, the court held that certiorari does not lie to review the denial of a motion to dismiss a medical malpractice case based on a failure to comply with the statute of limitations contained within the medical malpractice presuit screening procedure.
 

 Our conclusion that certiorari may lie to ensure that a defendant is afforded the presuit screening procedure, but not to review all of the decisions in the course of executing the procedure, finds support in the line of cases dealing with punitive damages claims. The supreme court held in
 
 Globe Newspaper Co. v. King,
 
 658 So.2d 518 (Fla.1995) that certiorari lies to review an order that fails to comply with the statutory procedure for asserting a claim for punitive damages. If the trial judge has not required the plaintiff to present evidence that would support a claim for punitive damages before asserting the claim and engaging in discovery, the effect is to deny the defendant the right to a screening procedure that is mandated by statute. The error is structural; it is no answer to say that the defendant can complain of the error on appeal from the final judgment. However, in
 
 Globe,
 
 and later in
 
 Simeon, Inc. v. Cox,
 
 671 So.2d 158 (Fla.1996), the court made it clear that certiora-ri is not so broad as to encompass a dispute over the sufficiency of the evidence to support a claim for punitive damages if the trial judge has otherwise implemented the statutory procedure.
 

 In our view, the distinction the supreme court made in
 
 Globe
 
 and
 
 Simeon
 
 also works well in the context of the medical malpractice presuit screening procedure. If the error results in a deprivation of the presuit screening process guaranteed by the statute, it is not one that can be corrected on appeal. Assuming the error amounts to a departure from the essential requirements of the law, both prerequisites for the issuance of a writ of certiorari will have been met. But the justification for issuing a writ of certiorari is diminished greatly if the parties have been afforded the essential process guaranteed by law and the judge has merely made a mistake in an order or ruling entered in the course of the proceeding. In that event, the relief afforded by an appeal from the final judgment will be adequate, and certiorari will not lie even if the error is one that amounts to a departure from the essential requirements of the law.
 

 Dr. Abbey has not established either of the two prerequisites for the issuance of a writ of certiorari in this case. The trial judge afforded him the process he was due under the medical malpractice presuit screening statute. He had advance notice and an opportunity to evaluate the plaintiffs claim before the filing of the lawsuit and so he is not in a position to argue that immediate review is necessary to protect his statutory right to the process. Nor was the alleged error a departure from the
 
 *1056
 
 essential requirements of law. Dr. Abbey’s argument is that the trial judge erred by combining the additional sixty days allowed by the notice of intent to terminate negotiations with the thirty-seven days remaining on the statute of limitations, when he should have given the plaintiff the greater of these but not both. Whatever we may think of the judge’s ruling on this point, and we make no decision on it now, it was hardly “a violation of a clearly established principle of law resulting in a miscarriage of justice.”
 

 For these reasons, we conclude that cer-tiorari does not lie to review the order denying Dr. Abbey’s motion for summary judgment.
 

 Petition denied.
 

 BARFIELD and WEBSTER, JJ., concur.