ALTENBERND, Judge.
Petitioner Scott Plantz, M.D., seeks cer-tiorari review of the circuit court’s order sustaining the objections of Edward John and Gary M. Fernald, administrator ad litem of the Estate of Vineshia John, a/k/a Goilene C. Davis, deceased (the Estate), to Dr. Plantz’s requests for production and motion to compel seeking information about Richard Dellerson, M.D., the physician who signed the Estate’s presuit affidavit. We dismiss this petition for lack of jurisdiction. Dr. Plantz has a pending motion to dismiss the action for failure to comply with the presuit notification requirements. As part of that challenge he apparently wishes to challenge the sufficiency of the credentials of the doctor who signed the presuit affidavit. Assuming that Dr. Plantz actually has the right to conduct discovery as to the qualifications and background of the physician who merely signed the presuit affidavit and further assuming that the requested information is not privileged, then an order denying Dr. Plantz’s pending motion to dismiss might constitute a failure to comply with the statutory presuit screening requirements under sections 766.203 and 766.206, Florida Statutes (2008). If so, Dr. Plantz can. challenge the denial of his discovery request following the denial of his pending motion as a violation of the pre- *824 suit requirements. See Williams v. Oken, 62 So.3d 1129, 1133-34 (Fla.2011). In light of the holding and discussion in Williams, we are unconvinced that we have jurisdiction by way of a petition for writ of certio-rari to review a nonfinal order denying or limiting discovery as to the sufficiency of the credentials of a presuit affiant prior to a ruling on the motion to dismiss.
The Estate filed a medical negligence and wrongful death complaint against Dr. Plantz, an emergency room physician. Dr. Plantz filed a motion to dismiss, which remains pending, asserting that the Estate did not comply with the presuit notice requirements of chapter 766. Dr. Plantz specifically alleged that Dr. Dellerson, the affiant to the verified written medical expert opinion attached to the Estate’s notice of intent to initiate litigation, does not qualify as an expert because his credentials do not constitute substantial professional experience in providing emergency medical services under section 766.102(9). He also alleged that Dr. Dellerson did not conduct a complete review of available records in forming his opinion corroborating the grounds asserted to support the Estate’s claim. See § 766.203(2). Dr. Plantz commenced formal discovery concerning Dr. Dellerson’s credentials. After Dr. Dellerson had been twice deposed, apparently once for four hours and once for nine hours, Dr. Plantz requested nonparty hospitals to produce records of Dr. Dellerson’s staff status at those facilities. He also requested the Estate’s trial counsel to produce all previous notices of intent to initiate litigation containing verified written medical expert opinions signed by Dr. Del-lerson. The Estate objected, and Dr. Plantz filed a motion to determine the validity of that objection as well as a motion to compel production. Following a hearing, the circuit court entered an order sustaining the Estate’s objections and finding that the materials were privileged. Dr. Plantz then timely filed a petition for writ of certiorari to review this order.
To obtain certiorari review of a pretrial discovery order, “the petitioner must establish the following three elements: (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal.” Williams, 62 So.3d at 1132 (citations and internal quotations omitted). The second and third elements are jurisdictional, and this court must first analyze the jurisdictional elements before it can consider whether the lower tribunal departed from the essential requirements of law. Id. If the petitioner fails to satisfy the jurisdictional elements, this court dismisses the petition rather than denying it. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995).
It is unclear to this court whether Dr. Plantz has a legal right to engage in discovery as to the credentials of a person who merely signs a presuit affidavit and is not currently listed as an expert witness expected to testify at trial. Dr. Plantz has not cited any cases in which a trial court erred by denying such discovery. Assuming such discovery is available, we are also unclear as to the scope of that discovery and what discretion the trial court would have in limiting the discovery, especially in light of the prior depositions of Dr. Deller-son and the limited grounds for dismissal Dr. Plantz raised in his motion. Thus, it is arguable that we could deny this petition based on the first element discussed above.
Nevertheless, we dismiss the petition for lack of jurisdiction. Any possible error within this denial of discovery will not result in material injury for the remainder of the case. Dr. Plantz will have an opportunity to raise this issue in a *825 petition for writ of certiorari in the event that his pending motion to dismiss is denied. Admittedly, to do so, he will need to maintain that the denial of this discovery interfered with his statutory right to seek a determination of whether the Estate complied with the presuit notice requirements of chapter 766. See Williams, 62 So.3d at 1133-34 (explaining that while certiorari is generally unavailable to review an order denying a motion to dismiss, an exception exists when the motion to dismiss asserts that the plaintiffs failure to comply with the presuit notice requirements frustrates the purpose of the Medical Malpractice Reform Act). That may be a difficult burden, but we do not believe this difficulty authorizes this court to review these discovery orders at this time.
Petition dismissed.
WALLACE and BLACK, JJ„ Concur.