SWANSON, J.,
dissenting.
I respectfully dissent.
The trial court’s duty in determining whether to grant or deny a motion to dismiss simply is to review the four corners of the complaint. St. Joseph’s Hosp., Inc. v. Cintron, 998 So.2d 1192, 1194 (Fla. 2d DCA 2009). In the present case, the trial court determined that the four corners of the complaint did not fulfill the requirements of a medical negligence case as stated in chapter 766, Florida Statutes (the Medical Malpractice Act). Appellant how seeks review of that determination by way of a petition for writ of certiorari, which requires this Court to determine whether the trial court (1) departed from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal. Williams v. Oken, 62 So.3d 1129, 1132 (Fla.2011). The sole issue we need to examine is whether the trial court departed from the essential requirements of the law. It did not.
A writ of certiorari must be limited in its use to maintain its effectiveness as a remedy in preventing frivolous and “piecemeal review of pretrial' orders.” Abbey v. Patrick, 16 So.3d 1051, 1054 (Fla. 1st DCA 2009). In this instance, when one looks at the complaint, I believe that the majority wrongly concludes the trial court departed from the essential elements of the law. *346 Such a conclusion manifests a misapplication of the narrow standard of review. Moreover, it has stymied a litigant’s right to seek a lawful remedy. The trial court clearly understood the mandated requirements of the Medical Malpractice Act and, given the opportunity, I am confident that it would have judiciously moved this case to closure if it became clear that the cause of action could only proceed as medical malpractice. I would deny the petition.