DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STUART P. SEIDER,** an individual, **JEFFREY A. STEVENS,** an individual, and **SEIDER AND STEVENS, P.A.,** a Florida corporation,
Petitioners,

v.

**JARRED LEIBNER,**
Respondent.

No. 4D18-3363

[March 27, 2019]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia Wood, Judge; L.T. Case No. CACE17-023539 (18).

Jacqueline G. Emanuel and Stephen E. Knoerr of Knoerr & Emanuel, P.A., Fort Lauderdale, for petitioners.

Jarred Leibner, Miami, pro se.

PER CURIAM.

Two dentists and their professional association seek review of a trial court order that denied their motion to dismiss. They argue the trial court erred in failing to dismiss the Second Amended Complaint because the plaintiff failed to comply with the presuit requirements for bringing a medical malpractice action under section 766.106, Florida Statutes (2017). We agree, grant the petition, and quash the order.

We have jurisdiction because the trial court failed to afford the procedural protections of the medical malpractice statute. *See Williams v. Oken,* 62 So. 3d 1129, 1134-35 (Fla. 2011).

The plaintiff's Second Amended Complaint alleges that the dentists performed unnecessary procedures and misrepresented the status of the plaintiff's failing dental implant. Each count adopts paragraphs 1 through 90, which contain medical malpractice allegations. As argued by the dentists, several counts seek damages arising from medical treatment that implicate the professional standard of care.

The trial court departed from the essential requirements of law in concluding the plaintiff's claims concern only billing and collection practices—such that the presuit requirements of Chapter 766 do not apply. As pleaded, the Second Amended Complaint sounds in medical malpractice.

For these reasons, we grant the petition, quash the order denying the motion to dismiss, and remand the case to the trial court to dismiss the Second Amended Complaint without prejudice. The plaintiff may either amend the complaint to eliminate the medical malpractice allegations or comply with the presuit requirements of section 766.106, Florida Statutes (2017).[1]

*Petition granted.*

MAY, CIKLIN and CONNER, JJ., concur.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] We express no opinion on whether a medical malpractice claim is barred by the statute of limitations.