DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HENDERSON BEHAVIORAL HEALTH, INC., SOUTH BROWARD HOSPITAL DISTRICT** d/b/a **MEMORIAL HEALTHCARE SYSTEM,** and d/b/a **MEMORIAL REGIONAL HOSPITAL,**
Petitioners,

v.

**ROBERTO CORTES,** as Personal Representative of the
**ESTATE OF DANIELA CORTES,**
Respondent.

Nos. 4D20-650 and 4D20-651

[May 20, 2020]

Consolidated petitions for certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE19-003376(13).

Joshua B. Walker and Eric J. Netcher of Walker, Revels, Greninger & Netcher, PLLC, Orlando, for petitioner Henderson Behavioral Health.

M. Katherine Hunter and Eric D. Freedman of Chimpoulis & Hunter, P.A., Plantation, for petitioner South Broward Hospital District.

Alberto E. Lugo-Janer of CPLS, P.A., Orlando, for respondent.

PER CURIAM.

In these consolidated cases, Defendants - Henderson Behavioral Health, Inc. and the South Broward Hospital District - petition for certiorari review of orders denying their motions to dismiss Plaintiff's complaint for failure to comply with the presuit requirements for bringing a medical malpractice action. We agree with Defendants that the complaint sounds in medical negligence and that the trial court departed from the essential requirements of law in denying the motions to dismiss.

The personal representative of the deceased's estate filed suit against Defendants alleging negligence. According to the complaint, the deceased was transferred from a hospital operated by the South Broward Hospital District to a residential treatment facility operated by Henderson

Behavioral Health. When she was transferred, the deceased was being administered seven medications by the hospital. The hospital provided the treatment facility with prescriptions for the medications but not the medications themselves. The facility did not administer the medications, and the deceased died four days after the transfer allegedly from "a severe withdrawal syndrome." The complaint claims that the hospital and facility were negligent and knew or should have known that suddenly failing to administer any or all of the medications to the deceased was likely to cause her "to suffer severe adverse withdrawal symptoms, including life threatening heart arrhythmias and seizures."

Defendants moved to dismiss Plaintiff's complaint for failure to comply with the presuit requirements for bringing a medical malpractice action under Chapter 766, Florida Statutes (2017). Plaintiff opposed the motion arguing that the claim alleged ordinary negligence. The trial judge denied the motions to dismiss because the complaint alleged ordinary negligence, and the judge believed there was doubt as to whether the claim was for ordinary negligence or medical malpractice. *See J.B. v. Sacred Heart Hosp. of Pensacola,* 635 So. 2d 945, 947 (Fla. 1994) ("If there is doubt as to the applicability of [the medical malpractice statute], the question is generally resolved in favor of the claimant."). The judge noted, however, that Defendants' arguments were "well-taken" and that it would be a "close call" after discovery. Defendants timely petitioned for certiorari review.

Certiorari review of the denial of the motion to dismiss is permitted "to ensure that the procedural aspects of the presuit requirements [of the medical malpractice statute] are met." *Williams v. Oken,* 62 So. 3d 1129, 1137 (Fla. 2011). A provider suffers irreparable harm when subjected to suit where the procedural aspects of the presuit requirements of the statute have not been followed. *Palms W. Hosp. Ltd. P'ship v. Burns,* 83 So. 3d 785, 788 (Fla. 4th DCA 2011) ("Irreparable harm can be shown where a court incorrectly denies a motion to dismiss for failure to follow pre-suit requirements, as doing so would eliminate the cost-saving features the Act was intended to create."). Thus, we have discretionary jurisdiction.

"The determination of whether a complaint alleges a claim for medical malpractice is a legal one and is, therefore, reviewed de novo." *Nat'l Deaf Acad., LLC v. Townes,* 242 So. 3d 303, 308 (Fla. 2018). A "'[c]laim for medical negligence' or 'claim for medical malpractice' means a claim, arising out of the rendering of, or the failure to render, medical care or services." § 766.106(1)(a), Fla. Stat. (2016).

> [F]or a claim to sound in medical malpractice, the act from which the claim arises must be directly related to medical care or services, which require the use of professional judgment or skill. This inquiry involves determining whether proving the claim requires the plaintiff to establish that the allegedly negligent act "represented a breach of the prevailing professional standard of care," as testified to by a qualified medical expert.

*Nat'l Deaf Acad., LLC*, 242 So. 3d at 311–12.

We have no difficulty or doubt in concluding that Plaintiff's claims sound in medical negligence. The acts from which the claims arise relate to "the failure to render, medical care or services." § 766.106(1)(a). To prove the claims, Plaintiff must show that the hospital and treatment facility breached the professional standards of care in failing to ensure that Plaintiff received her medications and failing to recognize the danger of withdrawal symptoms. The trial court clearly departed from the essential requirements of law in denying the motions to dismiss. Accordingly, the petitions are granted, and the trial court's orders are quashed.

*Petitions granted.*

WARNER, KLINGENSMITH and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3