# Third District Court of Appeal
## State of Florida

Opinion filed December 20, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2128
Lower Tribunal No. F95-17381-C

_____

**Daniel Lugo,**
Petitioner,

vs.

**State of Florida,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel and Silvia Maria Gonzalez, Chief Assistant Regional Counsel and Philip Reizenstein, Assistant Regional Counsel, for petitioner.

Ashley Moody, Attorney General, and Jennifer A. Davis, Assistant Attorney General, for respondent.

Before FERNANDEZ, BOKOR and GOODEN, JJ.

PER CURIAM.

<u>ON MOTION TO DISMISS</u>

Daniel Lugo petitions for certiorari review, claiming that the trial court's order caused irreparable harm by preventing the defense team's access to the court reporter for the purpose of ordering daily transcripts of the trial proceedings. However, the trial court's proscriptive order did nothing of the sort, and the purported harm that Lugo would suffer from compliance with the trial court's procedure is speculative at best. As explained, the State's motion to dismiss is well taken.

Lugo's defense team consists of lead counsel, two other attorneys, at least one other support staff, and an unofficial court reporter hired by the defense for the purpose of providing real time transcription to aid the defense. The issue on review is whether the trial court's order, which bars a blanket request for access to daily transcripts and instead requires that the trial court perform a gatekeeper function and permit access on a request-by-request basis, departs from the essential requirements of the law and constitutes a material injury incapable of remediation on direct appeal. <u>See Piquet v. Clareway Props. Ltd.</u>, 314 So. 3d 423, 427 (Fla. 3d DCA 2020) (setting forth elements for certiorari relief); <u>Williams v. Oken</u>, 62 So. 3d 1129, 1132 (Fla. 2011) (same).

Specifically, the trial court explained:

What I want to prevent is there will not be daily requests or nor will I agree to transcribing the record on a day to day basis. I am not going to allow that. I did say just now, if there is something specific that you believe you need a portion of, that you address that with me. You don't have to go into the details of what [your] strategy is. But if it's relevant to some motion you want to file, I'll take it on a point by point basis.

As far as I'm concerned, I am quite comfortable that you are not being denied access to the record. You ask for it. You don't have to give me details of it or what your strategy. But if the issue comes up and you want to, of course, consult the record, have something read back or even transcribed, then I will address it at that time.

Lugo points to no analogous case in which an order of this type was deemed insufficient. Additionally, his assertion that this would vitiate his ability to prepare his defense or violate his constitutional right to counsel or due process is, at best, speculative. As our sister court explained, a petitioner must show real and ascertainable harm; "[t]epid statements offering speculative concern are legally insufficient to show a material injury that could not be corrected on post-judgment appeal." Scott v. Scott, 375 So. 3d 331, 334 (Fla. 5th DCA 2023) (dismissing petition for certiorari where husband suggests that the order on review "has the *potential* to create" harm for which he "*ma*y be, ultimately, responsible").

Lugo's argument that he may have a potential situation where he may be in the position to choose between revealing trial strategy or not requesting a daily transcript seems to be inconsistent with the court's language, and, in

3

any event, is at this point entirely speculative. Nothing in the cases cited by Lugo stands for the proposition advanced in this petition; specifically, that the trial judge's requirement of ad hoc requests for the daily transcript, without the need to provide details or specifics of trial strategy, violates Lugo's right to due process or right to an effective defense. While we agree that the "private interest in the accuracy of a criminal proceeding that places an individual's life or liberty at risk is almost uniquely compelling," Ake v. Oklahoma, 470 U.S. 68, 78 (1985), this situation doesn't come close to the situations addressed in the opinions cited by the defense.

Specifically, in Ake, the Court held that preventing an indigent defendant access to psychiatric evaluation and testimony, where "a defense may be devastated by the absence of a psychiatric examination and testimony [and] with such assistance, the defendant might have a reasonable chance of success," violates the defendant's right to present a competent and accurate defense. Id. at 83. But even there, the Court cautioned that "[t]his is not to say, of course, that the indigent defendant has a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own." Id. The Court required only that "the indigent defendant have access to a competent psychiatrist for the purpose we have discussed, and as in the case of the provision of counsel we leave to the

4

State the decision on how to implement this right." Id. Here, similarly, while the trial court devised a procedure not to Lugo's liking, it does not appear to impact Lugo's ability to prepare an effective defense.

Britt v. North Carolina, 404 U.S. 226 (1971), also provides no support for Lugo's position, and in fact, seems to support the procedure offered by the trial judge. In Britt, the Court affirmed the lower court's rejection of a request for a transcript of a prior proceeding where the "petitioner has conceded that he had available an informal alternative which appears to be substantially equivalent to a transcript." Id. at 230. Here, it seems that the trial court, by permitting the defense its own court reporter to use for purposes of trial strategy and notetaking and allowing specific requests for daily transcripts without providing trial strategy, provided a sound alternative to Lugo's request. Additionally, it is important to note that Britt was decided in the context of requesting a transcript of a prior trial that occurred a month before the trial at issue, not nearly contemporaneous access to the record. And even in the context of a trial a month prior, the Court held that the trial court permissibly denied the request for a transcript where "petitioner's memory and that of his counsel should have furnished an adequate substitute for a transcript." Id. at 228. Here, we are talking about daily access to the record, where the memories are fresher, there are adequate note

takers (and even a defense court reporter to refresh the team's recollection), and the trial court is ready and willing to provide transcripts at the simple request of counsel. Indeed, the transcripts of the hearings attached to the petition demonstrate the trial court's willingness to provide such transcripts.

Therefore, on the record presented, Lugo fails to show any of the elements necessary to ground a claim for certiorari relief. However, to the extent such a situation presents itself in the future, Lugo would be free to seek appropriate relief as necessary.

Motion granted; petition dismissed.