DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ZORAN POTPARIC, M.D.,**
Petitioner,

v.

**JUNIE BARNES, ADORE PLASTIC SURGERY, LLC,** and
**CASSANDRE DORCELY-FORGES,**
Respondents.

No. 4D2025-1701

[September 24, 2025]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE23-021054.

Dinah S. Stein and Dean Kandi of Hicks, Porter & Stein, P.A., Miami, and James L. White, III, of White & Russell, P.A., Palm Beach Gardens, for petitioner.

Andres I. Beregovich of The Beregovich Law Firm, P.A., Orlando, for respondent Junie Barnes.

No appearance for respondent Adore Plastic Surgery, LLC.

No appearance for respondent Cassandre Dorcely-Forges.

FORST, J.

Petitioner Zoran Potparic, M.D., petitions this Court for a writ of certiorari, seeking to quash the trial court's order denying his motion to dismiss based on respondent Barnes' failure to comply with Florida's statutory presuit requirements for medical negligence cases. As set forth below, we grant the petition.

## Background

Potparic performed a surgical procedure on respondent Junie Barnes in September 2021. Following alleged post-surgical complications, Barnes sued Potparic for medical negligence. Barnes submitted with her

complaint a plastic surgeon's expert affidavit opining that Potparic had violated the medical standard of care by performing Level III office surgery on Barnes at respondent Adore Plastic Surgery's surgery center while not properly registered with the Florida Department of Health ("DOH") to do so. The affidavit further opined that respondent Cassandre Dorcely-Forges, the nurse who had administered anesthesia during the surgery, had violated the medical standard of care by doing so while *the surgeon* (Potparic) was not registered. The affidavit did not mention the nurse's own registration, nor did the affidavit describe any deficient act by either surgeon or nurse during the surgery or explain how any such act caused injury to Barnes.

Discovery revealed that Potparic was, in fact, properly registered at the time of the surgery. Accordingly, Barnes sought leave and was permitted to file a second amended complaint that abandoned the original negligence theory. Instead, Barnes alleged that she was harmed because *the nurse* was not properly registered with DOH. Barnes did not submit a new affidavit with the second amended complaint.

Potparic moved to dismiss the revised complaint for failure to comply with Florida's statutory presuit requirements for medical negligence cases. The applicable statute provides:

> Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert . . . at the time the notice of intent to initiate litigation is mailed, *which statement shall corroborate reasonable grounds to support the claim of medical negligence.*

§ 766.203(2), Fla. Stat. (2021) (emphasis added). Furthermore, "[i]f the court finds that the notice of intent to initiate litigation mailed by the claimant does not comply with the reasonable investigation requirements of ss. 766.201-766.212, . . . the court *shall* dismiss the claim[.]" § 766.206(2), Fla. Stat. (2021) (emphasis added).

The trial court's order denying Potparic's dismissal motion made the following "express findings as to [Barnes'] compliance with the Chapter 766 Presuit Requirements":

> The allegation of negligence against Dr. Potparic contained in [Barnes'] corroborating expert affidavit was faulty. Discovery established Dr. Potparic was licensed and registered to perform the subject surgery;

2

The Second Amended Complaint offers a different theory of negligence against Dr. Potparic that was not included in [Barnes'] corroborating expert affidavit;

The Court construes the medical malpractice screening requirements in a manner that favors access to the Courts. *See Kukral v. Mekras*, 679 So. 2d 278 (Fla. 1996); *Morris v. Muniz*, 252 So. 3d 1143 (Fla. 2018); and

The issues presented in Zoran Potparic, M.D.'s Motion are more appropriately suited for summary judgment after conducting discovery based on the theory of negligence offered in [Barnes'] Second Amended Complaint.

(paragraph lettering omitted).

Potparic now petitions for certiorari review.

## Analysis

Certiorari review is available when a trial court departs from the essential requirements of law, resulting in a material injury for the remainder of the case that cannot be corrected on postjudgment appeal. *Univ. of Fla. Bd. of Trs. v. Carmody*, 372 So. 3d 246, 252 (Fla. 2023).

Potparic's petition contends that, because the expert's affidavit does not "corroborate reasonable grounds to support the claim of medical negligence" set out in the second amended complaint, and no other corroborating affidavit was provided, the trial court departed from the essential requirements of law in denying Potparic's dismissal motion. We agree.

While certiorari relief is an extraordinary remedy not usually available to review an order denying a motion to dismiss, "Florida courts have created an exception . . . when the presuit requirements of a medical malpractice statute are at issue since the purpose of the Medical Malpractice Act is to avoid meritless claims and to encourage settlement for meritorious claims." *Carmody*, 372 So. 3d at 251–52 (quoting *Williams v. Oken*, 62 So. 3d 1129, 1133–34 (Fla. 2011)) (internal quotation marks omitted). "Florida courts have permitted certiorari review solely to ensure that the procedural aspects of the presuit requirements are met." *Id.* at 253 (quoting *Williams*, 62 So. 3d at 1137). "Thus, a district court can grant certiorari review to verify that the plaintiff submitted the

3

corroborating affidavit of an expert witness." *Id.* at 253 (citing *Williams*, 62 So. 3d at 1137).

"The purpose of the medical expert opinion is to assure the defendants, and the court, that a medical expert has determined that there is justification for the plaintiff's claim; that is, the purpose is not to give notice of the plaintiff's claim, but rather to corroborate that the claim is legitimate." *Rell v. McCulla*, 101 So. 3d 878, 881 (Fla. 2d DCA 2012), *rev. dismissed*, 140 So. 3d 538 (Fla. 2014) (citation modified). Thus, "the notice of intent to initiate litigation and the corroborating medical expert opinion, taken together, must sufficiently indicate the manner in which the defendant doctor allegedly deviated from the standard of care, and must provide adequate information for the defendants to evaluate the merits of the claim." *Id.* (quoting *Ragoonanan ex rel. Ragoonanan v. Assocs. in Obstetrics & Gynecology*, 619 So. 2d 482, 484 (Fla. 2d DCA 1993)) (citation modified).

In other words, a dismissal motion may raise the issue "whether the [plaintiff's] corroborating affidavit sufficiently indicated that the [plaintiff] had a legitimate claim for medical malpractice." *Id.*; *see also Rafferty v. Martin Mem'l Med. Ctr., Inc.,* 335 So. 3d 144, 144 (Fla. 4th DCA 2022) (affirming dismissal under § 766.206(2) because affidavit did not comply with statutory corroboration requirements of § 766.203(2)); *Tomas v. Sandler*, 406 So. 3d 1089, 1093–94 (Fla. 3d DCA 2025) (same holding); *Howell v. Balchunas*, 284 So. 3d 1180, 1181–83 (Fla. 1st DCA 2019) (same holding).

Here, the trial court correctly found that the expert's affidavit did not tend to corroborate the negligence claim in Barnes' second amended complaint. The *only* theory of negligence described in the expert's affidavit proved unfounded and was abandoned. Even if every word in the affidavit were proven to be true, it would lend no support to the claim alleged in Barnes's second amended complaint. Thus, the expert's affidavit does not meet the low bar of qualifying as a "corroborating affidavit" at all.

## Conclusion

Because Barnes failed to comply with the procedural requirement to submit the *corroborating* affidavit of an expert witness, we grant the petition and quash the order under review.

In so doing, we are not reweighing the evidence or revisiting the trial court's factual findings. The trial court expressly found that "[t]he allegation of negligence against Dr. Potparic contained in [Barnes']

4

corroborating expert affidavit was faulty" and "[t]he Second Amended Complaint offers a different theory of negligence against Dr. Potparic that was not included in [Barnes'] corroborating expert affidavit[.]" We are simply correcting the trial court's legal error in failing to apply the remedy which, as section 766.206(2) commands, must follow from its own express findings: "[T]he court shall dismiss the claim."

*Petition granted; order quashed; remanded with directions.*

GROSS and GERBER, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**