LEHAN, Judge.
In this action for, inter alia, replevin and conversion, defendant appeals from a final summary judgment which determined that defendant failed to follow the provisions of section 713.585, Florida Statutes (1987), in selling plaintiff’s truck after plaintiff’s lessee had failed to pay defendant for repair work done on the truck. The trial court ruled that section 713.585, which concerns liens on motor vehicles, governs over section 85.031(2), which concerns generally liens on personal property, and that therefore defendant was not entitled to- choose which section to follow. We affirm.
We first address plaintiff's contention that this court lacks jurisdiction to consider the merits of this appeal. Defendant had initially filed its notice of appeal from the trial court’s order granting plaintiff’s motion for partial summary judgment. This order was of course nonap-pealable. Instead of dismissing the appeal, this court entered an order relinquishing jurisdiction so the trial court could enter a final judgment pursuant to Gries Inv. Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980). Plaintiff contends that this appeal should be dismissed because defendant filed no notice of appeal from the final judgment which was entered in accordance with the foregoing order of this court. While plaintiff’s argument has some logic, we do not agree with it. First, plaintiff was on adequate notice as to what judicial act of the trial court defendant sought to challenge. Second, neither this court’s order nor Gries required the filing of a second notice of appeal. Third, despite the fact that the trial court’s order granting plaintiff’s motion for partial summary judgment was itself nonappealable, the notice of appeal from it was sufficient to invoke our jurisdiction. As Gries explained, “In a purist sense, if we did not have jurisdiction, we had no jurisdiction to relinquish_” Id. at 1282 n. 4. Thus, we have jurisdiction.
With regard to the merits of this appeal, we conclude that the trial court properly ruled that as between sections 85.031(2) and 713.585, section 713.585 was *1303 the controlling statute. Though the two statutes overlap, section 85.031(2) pertains generally to liens on personal property while section 713.585 pertains specifically to liens on motor vehicles. When two statutes cover the same subject-matter, the more narrowly-drawn statute controls. Adams v. Culver, 111 So.2d 665 (Fla.1959); Floyd v. Bentley, 496 So.2d 862 (Fla. 2d DCA 1986), review denied, 504 So.2d 767 (Fla.1987). As plaintiff argues, it should not be concluded that when the legislature enacted the provisions of section 713.585, which are detailed and comprehensive, are tailored for the type of situation involved here, and were enacted while the more generalized provisions of section 85.031 were in effect, the legislature intended that section 85.031 could continue to govern this situation.
Defendant makes the additional argument that plaintiff had actual notice of defendant’s intent to sell the truck. However, as plaintiff points out, defendant failed to raise this aspect as an affirmative defense. See Fla.R.Civ.P. 1.110(d); Syncom Corp. v. Bank Leumi Trust Co., 479 So.2d 207 (Fla. 3d DCA 1985). In any event, the relevant inquiry is whether defendant complied with section 713.585. It is beyond dispute that defendant did not.
Affirmed.
SCHOONOVER, A.C.J., and PARKER, J., concur.