PER CURIAM.
This is an appeal by B.D.M. Financial Corporation (B.D.M.) from an order entered by appellee, Division of Florida Land Sales, Condominiums and Mobile Homes (Division), which revoked prior registration orders involving two parcels of subdivided land[1] owned by B.D.M., imposed a civil penalty due to B.D.M.’s failure to pay property taxes thereon and to file timely quarterly reports,[2] and directed B.D.M. to cease and desist from further violations. B.D.M. raises the following points for reversal: (1) that the Division erred in entering the order of revocation because it relied on section 498.051, Florida Statutes (1995), the general cease-and-desist statute, to revoke appellant’s registration orders, rather than section 498.049(1), Florida Statutes (1995), the revocation statute, in that the latter statute is more specific and therefore controls; (2) that the Division violated B.D.M.’s due process rights by failing to include in the order findings which would support a revocation of appellant’s registration pursuant to section 498.049(1); and (3) that the Division abused its discretion by denying appellant’s request to set aside the final order. In that we agree with appellant’s first two contentions, we reverse the order to the extent it revokes B.D.M.’s registration orders and remand for further proceedings, thereby mooting consideration of appellant’s third point.
B.D.M. argues under the first point that the Division erroneously relied upon section 498.051, rather than section 498.049(1), in revoking the registration orders. B.D.M. maintains that the revocation statute has more stringent criteria, and that the Division, by relying on the cease-and-desist statute, premised the revocation on less rigorous criteria. In support of its argument, B.D.M. points out that the final order makes no mention of section 498.049. B.D.M. maintains that the order must be reversed, because, although section 498.051 authorizes the Division to take other “affirmative action,” the rules of statutory construction require that the more specific statute control over the more general; thus, section 498.049 should have been employed. The Division responds that it did not ignore section 498.049, in that it is referenced in the order in regard to the civil penalty, but rather that it mistakenly omitted reference to the statute for the revocation, which is, at most, harmless error. The Division continues that there is nothing in the order or the record to show *1361 that the Division premised the revocation on section 498.051.
A proper resolution of this issue requires a careful examination of the two statutes in question. Section 498.049, which is entitled “Suspension; revocation; civil penalties,” provides, in pertinent part, as follows:
(1) The division may revoke or suspend a registration upon finding that the registrant has:
(a) Failed to comply with the terms of any written order of the division;
(b) Been convicted in any court subsequent to the filing of the application for registration of a crime involving fraud, deception, false pretenses, misrepresentation, false advertising, or dishonest dealing in real estate transactions or has forfeited a bond when charged with such a crime;
(c) Disposed of, concealed, or diverted any funds or assets of any person so as to adversely affect the interest of a purchaser of any interest in subdivided land;
(d) Failed to substantially comply with any written agreement made with the division;
(e) Made intentional misrepresentations or knowingly concealed material facts in any written communication with the division; or
(f) Failed to meet the requirements of s. 498.031(1).
(2) Findings of fact shall be accompanied by a concise and explicit statement of the underlying factual basis.
(3) The division may issue a cease and desist order as an alternative to revocation or suspension.
(4) The division may, by order, impose civil penalties against any person for violations of this chapter or relevant rules. The imposition of a civil penalty shall not preclude the use of any other appropriate remedy authorized by this chapter.
The essential requirements for the issuance of a cease-and-desist order are set forth under section 498.051 in the following language:
(1) The division may issue an order requiring a person to cease and desist, and to take such affirmative action as will carry out the purpose of this chapter, if the division determines that the person has:
(a) Violated any provision of this chapter or any lav/ful order or rule of the division;
(b) Directly or through an agent or employee knowingly engaged in any false, deceptive, or misleading advertising, promotional, or sales methods to offer or dispose of any interest in subdivided lands;
(c) Made any material change, alteration, or modification of the offering subsequent to the order of registration without obtaining prior written approval from the division, if such change, alteration, or modification is within the control of the registrant, or, if the change, alteration, or modification is not within the control of the registrant, failed to notify the division of the change within 7 days after its occurrence; or
(d)Disposed of any interest in subdivided lands which have not been registered with the division.
* * * * * *
(3) The affirmative action to be taken by a person pursuant to an order authorized by subsection (1) may include, but is not limited to:
(a) Notifying any purchaser of subdivided land who has a rescission right that he may elect to rescind the purchase transaction as provided by contract or by other provisions of this chapter; and
(b) Establishing a trust or escrow account in a financial institution located within this state to assure the payment of refunds to those purchasers who elect to rescind, or to assure the conveyance of clear and marketable title to those purchasers who do not elect to rescind.
It is not clear from the final order upon what basis the Division relied in ordering revocation, because there is no reference to any statute in regard to that ruling. In that the order fails to contain a “concise and explicit statement of the underlying factual basis” for the revocation, as is required under section 498.049(2), and because section 498.049(3) provides that a cease-and-desist *1362 order may be issued as an alternative to revocation, and the order here contains both, we agree with B.D.M. that the Division apparently premised its ruling on section 498.051. This was error, because section 498.049(1) more specifically addresses revocations. The law is clear that when two statutes address the same particular subject, the statute that is more specific controls over the statute that is more general. Gretz v. Unemployment Appeals Comm’n, 572 So.2d 1384, 1386 (Fla.1991); Christo v. Department of Banking & Fin., 649 So.2d 318, 321 (Fla. 1st DCA 1995); Department of Health & Rehab. Servs. v. American Healthcorp of Vero Beach, Inc., 471 So.2d 1312, 1315 (Fla. 1st DCA 1985), opinion adopted, 488 So.2d 824 (Fla.1986); Moore Int’l Trucks, Inc. v. Foothill Capital Corp., 560 So.2d 1301, 1303 (Fla. 2d DCA 1990).
In reaching our conclusion, we reject the Division’s argument that the failure to mention section 498.049(1) is, at most, harmless error, on the theory that B.D.M. was on notice of the possibility of revocation, and because administrative charges need not be stated with the technical nicety or formal exactness required for court pleadings. See Florida Bd. of Pharmacy v. Levin, 190 So.2d 768, 770 (Fla.1966). As explained under issue two, the lack of reference to section 498.049(1) amounts to a due process violation.
Turning next to issue number two, asserting that B.D.M.’s due process rights were violated, we also agree with appellant, because the charging notices fail to allege, and the final order fails to include findings which would support a revocation of B.D.M.’s registration orders under section 498.049(1). As we explained in Cohen v. Department of Business Regulation, 584 So.2d 1083 (Fla. 1st DCA 1991), which involved a question of whether the agency provided sufficient notice of the ground upon which it based its decision to deny an occupational license, a court reviewing agency action is required to consider the fairness of the proceedings and whether the correctness of the action was impaired by a material error in procedure or a failure to follow prescribed procedure, as provided in section 120.68(8), Florida Statutes, as well as general principles of due process.
The charging notices do show a reference to possible revocation, in that the notices provide that the Division “has been presented evidence which, if true, is good and sufficient cause for it, pursuant to Florida Statutes, Chapter 498, to enter a Cease and Desist Order and/or revoke or suspend your registration (if any), and/or impose civil penalties, and/or take affirmative action.” Nevertheless, the notices do not reference section 498.049(1), nor do they set forth any of the grounds for revocation as provided in subsections (l)(a) through (l)(f) of the statute. Instead, the notices charge that B.D.M. violated section 498.039(6) by filing a quarterly encumbrance report for the period from July 1, 1995, through September 30, 1995, indicating real property taxes had not been paid, and that B.D.M. violated the same statute, as well as Florida Administrative Code Rules 61B-5.0025 and 61B-6.004(1), by failing to timely file quarterly encumbrance reports for the periods from October 1 through December 31, 1995, and January 1 through March 31,1996.
The final order provides, in its preliminary statement, that the Division charged violations of section 498.039(6) and rules 61B-5.0025(3) and 61B-6.004(1). The findings of fact set forth the content of section 498.039(6) and the two rules, and recite the reports filed regarding the unpaid taxes and the failure to file reports for the two subsequent periods. The order also contains findings that section 498.049(4) allows the imposition of a civil fine for violation of chapter 498 or the rules and that section 498.051(1) permits the issuance of cease-and-desist orders and the direction of other affirmative action for violations of chapter 498 or any rule. The conclusions of law reflect that B.D.M. did violate section 498.039(6) by filing reports showing taxes were not paid and by failing to file reports for two periods, which also constituted violation of the two administrative rales. The order concludes by revoking B.D.M.’s registration orders, by imposing a civil penalty for the violations of section 498.039(6) and the two administrative rales, and by directing B.D.M. to cease and desist *1363 from any other violations of chapter 498, all without reference to any statutory authority.
Absent any reference to section 498.049(1), or any of the grounds in subsections (a) through (f) thereof in the notices, or any factual findings in such regard in the final order, we reverse the order insofar as it relates to the revocation of the registration orders. See Cottrill v. Department of Ins., 685 So.2d 1371 (Fla. 1st DCA 1996) (although evidence was presented which suggested violation of sections 627.4085(1) and 627.8405, Florida Statutes, agency never pleaded facts that constituted violation of those statutes); Hooters of Am., Inc. v. Carolina Wings, Inc., 655 So.2d 1231 (Fla. 1st DCA 1995) (fundamental error to award damages when such were not supported by allegations in complaint); Chrysler v. Department of Prof'l Reg., 627 So.2d 31 (Fla. 1st DCA 1993) (reversing order revoking mental health license when complaint only alleged lying on application, but evidence was considered showing civil malpractice in another state, because licensee’s due process rights were violated by consideration of matter never alleged in complaint).
We otherwise affirm the imposition of the civil penalty and cease-and-desist directions.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BARFIELD, C.J., and ERVIN and DAVIS, JJ., concur.

. The legislature has required registration orders as a means of providing safeguards regulating the disposition of any interest in subdivided lands. § 498.003, Fla. Stat. (1995).

. Section 498.039(6), Florida Statutes (1995), provides:
Each registrant with registered subdivided lands subject to any lien, mortgage, or other encumbrance shall submit quarterly encumbrance reports certifying that all terms of any encumbering instrument have been met and that timely payments have been made to satisfy any lien, mortgage, real property tax, or other encumbrance upon subdivided lands in whole or in part. The quarterly report shall include satisfactory evidence of the registrant’s compliance.