779 So.2d 413 (2000)
Amanda C. BARRIO, as Personal Representative of the Estate of Martin Ortega, deceased, Appellant,
v.
James A. WILSON, M.D.; Emergency Medical Associates of Tampa Bay, P.A.; and St. Joseph's Hospital, Inc., Appellees.
No. 2D99-419.
District Court of Appeal of Florida, Second District.
September 15, 2000.
*414 Arthur B. Skafidas of Cohen, Jayson, Skafidas, Gordon & Taylor, Tampa, and Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for Appellant.
Phillip D. Parrish of Stephens, Lynn, Klein & McNichols, P.A., Miami, for Appellees James A. Wilson, M.D., and Emergency Medical Associates, of Tampa Bay, P.A.
Thomas M. Hoeler of Burton, Schulte, Weekley, Hoeler, Poe & Robbins, P.A., Tampa, for Appellee St. Joseph's Hospital, Inc.
NORTHCUTT, Judge.
The personal representative of Martin Ortega's estate, Amanda Barrio, filed a lawsuit alleging that Ortega's death stemmed in part from medical malpractice committed by emergency room physician James A. Wilson. The case was tried before a jury, which found for the defendants. On appeal, Barrio complains that the trial court improperly allowed an unqualified expert witness to opine that Wilson did not violate the standard of care for emergency room physicians. We agree that the court should not have permitted this testimony, but we conclude that the error was harmless.
Section 766.102(6)(a), Florida Statutes (1997), provides in pertinent part that in malpractice actions against emergency room physicians "the court shall admit expert medical testimony only from physicians... who have had substantial professional experience within the preceding 5 years while assigned to provide emergency medical services in a hospital emergency department." The witness in question, Dr. Fulkerson, was a specialist in pulmonary medicine. He was not an emergency room physician, did not hold himself out as an expert in emergency medicine, and had not served on the staff in an emergency room department in at least 15 years. Although Dr. Fulkerson frequently consulted on emergency room cases and saw patients in that setting, he had not been assigned to provide emergency medical services in a hospital emergency department within the previous five years. Therefore, under the plain terms of the statute he did not qualify to testify on the standard of care for emergency room physicians. See Cenatus v. Naples Community Hospital, Inc., 689 So.2d 302 (Fla. 2d DCA 1997); see also Franklin v. The Public Health Trust of Dade County d/b/a Jackson Memorial Hospital, 759 So.2d 703 (Fla. 3d DCA 2000) (affirming grant of new trial on ground of improper admission of expert testimony of surgeon who lacked substantial experience providing emergency medical services in a hospital emergency department within last 5 years).
The defendants argue that Dr. Fulkerson was qualified to testify under section 766.102(2)(c)2., which provides that one who is not a "similar health care provider" as the defendant nevertheless may testify if he or she, "to the satisfaction of the court, possesses sufficient training, experience, and knowledge as a result of practice or teaching in the specialty of the defendant or practice or teaching in a related field of medicine, so as to be able to provide such expert testimony as to the prevailing professional standard of care in a given field of medicine." That provision, however, is part of the statute's subsection (2), which applies to malpractice suits against health care providers generally. Subsection (6), the more specific provision applicable to suits against emergency room physicians, controls. See Moore Int'l Trucks, Inc. v. Foothill Capital Corp., 560 So.2d 1301 (Fla. 2d DCA 1990). Put another way, resort to the exception provided in the more general statute would render the specific statute related to emergency room physicians meaningless. This we are not permitted to do. See Levine v. Levine, 734 So.2d 1191, 1194 (Fla. 2d DCA 1999). *415 Therefore, it was error to permit Dr. Fulkerson's testimony as to the standard of care.
Even so, after reviewing the record we deem the error harmless. See School Bd. of Broward County v. Surette, 394 So.2d 147, 152 (Fla. 4th DCA 1981) (noting that improperly admitted expert testimony may be considered harmless error where there is other sufficient evidence to justify the jury reaching the conclusion supported by the opinion of the expert). Dr. Fulkerson's testimony concerning the standard of care was cumulative of the more detailed standard of care testimony offered by two other defense expert witnesses, and resulted in no undue prejudice to the plaintiff. See Cross v. Lakeview Center, Inc., 529 So.2d 307, 310 (Fla. 1st DCA 1988).
Affirmed.
BLUE, A.C.J., and SALCINES, J., Concur.