ROTHENBERG, J.
The plaintiffs, Yuri Bery, etc., et ah, appeal from a final judgment dismissing the medical malpractice complaint filed against the defendant, Ghassan Fahel, D.O. (“Dr. Fahel”), for failing to comply with the medical malpractice presuit requirements. We reverse and remand for an evidentiary hearing.
In February 2007, Juliana Bery died of a bacterial infection after being evaluated and treated by Dr. Fahel, a board certified family physician. Prior to initiating a medical malpractice action against Dr. Fa-hel, the plaintiffs conducted a statutory presuit investigation to determine if there were reasonable grounds to believe that Dr. Fahel was negligent in caring for and treating Juliana and whether such negligence caused her death. § 766.203(2), Fla. Stat. (2008). On November 3, 2008, the plaintiffs mailed a notice of intent to initiate litigation to Dr. Fahel, attaching the corroborating medical affidavit of Mark Khilnani, M.D., a board certified emergency physician, which was dated October 31, 2008. § 766.106(2), Fla. Stat. (2008). Shortly after Dr. Khilnani executed the affidavit, he contacted the plaintiffs’ counsel in an attempt to withdraw his affidavit because he felt he was not qualified to act as an expert witness.
During the ninety-day period in which Dr. Fahel had to respond to the plaintiffs’ notice of intent to initiate litigation, see § 766.106(3), .203(3), Fla. Stat. (2008), his counsel sent letters to the plaintiffs advising that they had not fully complied with the presuit requirements because Dr. Khil-nani and Dr. Fahel do not have the same specialty.
In May 2009, the plaintiffs filed a medical malpractice action against Dr. Fahel, alleging that his treatment and evaluation of Juliana Bery fell below the requisite standard of care, resulting in her death. In May 2009, Dr. Fahel filed his answer and affirmative defenses, raising the plaintiffs’ failure to comply with the presuit requirements.
Although Dr. Khilnani attempted to withdraw his affidavit in November 2008, the plaintiffs listed Dr. Khilnani on their Preliminary Expert Witness List. Thereafter, Dr. Khilnani wrote plaintiffs’ counsel several times once again advising that he believed that he was not qualified to act as an expert.
In February 2010, pursuant to section 766.206, Dr. Fahel filed a motion to dismiss the complaint, arguing that Dr. Khil-nani’s corroborating affidavit was insufficient because Dr. Khilnani and Dr. Fahel do not practice in the same or similar specialty. § 766.102(5), Fla. Stat. (2008). At the hearing on the motion to dismiss, the trial court, without objection, ordered that an evidentiary hearing be held to address Dr. Khilnani’s qualifications. Thereafter, Dr. Fahel unsuccessfully attempted to depose Dr. Khilnani, who by then had moved to a different state. Dr. Fahel’s counsel then requested that a commissioner be appointed to depose Dr. Khilnani. At a subsequent hearing, the plaintiffs’ counsel objected on the basis of privilege, citing to section 766.205(4), which provides: “No statement, discussion, written document, report, or other work product generated solely by the pre-suit investigation process is discoverable or admissible in any civil action for any purpose by the opposing party.” Thereafter, the trial court learned, for the first time, that Dr. Khilnani had attempted to *238 withdraw his corroborating affidavit. The trial court immediately, without conducting an evidentiary hearing, granted Dr. Fahel’s motion to dismiss, and subsequently entered a final judgment in Dr. Fahel’s favor. The plaintiffs’ appeal followed.
In challenging the trial court’s order dismissing the appeal, the plaintiffs have raised several arguments. However, as the trial court failed to conduct an evidentiary hearing to address whether Dr. Khilnani qualifies to act as an expert witness against Dr. Fahel, in light of Dr. Khilnani’s qualifications and his attempt to withdraw his affidavit, we reverse the order under review and remand for an evi-dentiary hearing as instructed in Williams v. Oken, 62 So.3d 1129, 1137 (Fla.2011).[1]
As we have reversed and remand for an evidentiary hearing, we find it unnecessary to address the remaining issues raised by the plaintiffs.
Reversed and remanded.

. Dr. Fahel asserts that the plaintiffs waived any entitlement to an evidentiary hearing because plaintiffs' counsel objected to the appointment of a commissioner to depose Dr. Khilnani pursuant to section 766.205(4). As section 766.205(4) merely pertains to the dis-coverability or admissibility of any "statement, discussion, written document, report, or other work product generated solely by the presuit investigation process,” we disagree. The record does not indicate that the plaintiffs counsel objected to an evidentiary hearing to address Dr. Khilnani’s qualifications.