MAY, J.
Three words beginning with “s”: similar, specialize, and specialty, and their use in our medical negligence statutes, are called into question in this appeal. The plaintiff appeals an order dismissing her medical negligence action against an ophthalmologist and his employer[1] because she failed to obtain a written opinion from an expert — as defined by section 766.102, Florida Statutes (2009) — to support the negligence claim. She argues the court erred in dismissing the ophthalmologist from the action. We disagree and affirm.
The plaintiff filed a complaint against her ophthalmologist and the surgical center where the surgery was performed. She alleged that she contracted a rare bacterial infection as a result of lower eyelid surgery. According to the complaint, the negligence resulted in the plaintiff having to undergo additional surgery and sustaining disfigurement of her eye.
Prior to filing the complaint, the plaintiff served the ophthalmologist with a Notice of Intent to Initiate Litigation for Medical Malpractice and a verified affidavit from an infectious disease doctor. That doctor opined that the plaintiff contracted the infection because the ophthalmologist failed to use proper sterilization techniques during the eye surgery. The ophthalmologist responded to the plaintiffs lawyer, acknowledging receipt of the notice of intent and affidavit, and advising that he did not believe the notice was sufficient because the infectious disease doctor was not an expert in the same specialty — ophthalmology. The ophthalmologist subsequently filed an Answer, asserting noncompliance with sections 766.102, 766.106, 766.202, and 766.203, Florida Statutes (2009), as an affirmative defense.
The ophthalmologist then moved for a determination of whether the infectious disease doctor qualified as an expert under section 766.102. The ophthalmologist filed a memorandum and attached the infectious disease doctor’s affidavit, CV, deposition transcript, correspondence between the parties’ attorneys, and the expert opinion of a board certified ophthalmologist. The plaintiff filed a response.
At an unrecorded hearing, the trial court ruled that the infectious disease doctor’s affidavit was insufficient to comply with section 766.102’s requirement of specialization, and dismissed the ophthalmologist.[2] From this order, the plaintiff now appeals.
We have de novo review. Oliveros v. Adventist Health Sys./Sunbelt, Inc., 45 So.3d 873, 876-77 (Fla. 2d DCA 2010).
The plaintiff argues the ophthalmologist waived compliance with the chapter 766 pre-suit requirements by failing to specifically plead it. Id. We disagree. The Answer asserted the plaintiff “failed to comply with the spirit or law embodied by Florida Statute 766.106.... Specifically, these defendants claim that plaintiff *1058 failed to serve a corroborating written medical expert.opinion in compliance with the requirements of F.S. 766.203(2), F.S. 766.202(6) and F.S. 766.102.” This assertion was sufficiently specific to place the. plaintiff on notice. In addition, the acknowledgment letter sent a year prior to filing the Answer specifically challenged the sufficiency of the infectious disease doctor’s affidavit because he was not an ophthalmologist. There was no waiver.
The Florida Legislature has designed a statutory framework for filing medical negligence actions. A plaintiff must conduct an investigation to determine if “there are reasonable grounds to believe” that a defendant was negligent and that the “negligence resulted in injury” to the plaintiff. § 766.203(2), Fla. Stat. (2009). The plaintiff must then “notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical negligence.” § 766.106(2)(a), Fla. Stat. (2009). The plaintiff is required to submit “a verified written medical expert opinion from a medical expert as defined in s. 766.202(6)....” § 766.203(2), Fla. Stat. (2009).
Section 766.202(6) defines a medical expert as “a person ... engaged in the practice of his or her profession who holds a health care professional degree from a university or college and who meets the requirements of an expert witness as set forth in s. 766.102.” § 766.202(6), Fla. Stat. (2009). Under section 766.102, if the defendant is a specialist, the medical expert must “[sjpecialize in the same specialty as the health care provider ... or specialize in a similar specialty that includes the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim and have prior experience treating similar patients.” § 766.102(5)(a), Fla. Stat. (2009) (emphasis added).
The myriad of factual scenarios giving rise to medical negligence claims has caused differing outcomes in cases attempting to apply the term “similar specialty.” See, e.g., Weiss v. Pratt, 53 So.3d 395 (Fla. 4th DCA 2011) (emergency room physician qualified to testify against orthopedic surgeon); Barrio v. Wilson, 779 So.2d 413 (Fla. 2d DCA 2000) (pulmonologist not qualified to testify against emergency room physician). As we have previously noted: “[wjhat is clear is that nothing is clear about ‘similar specialty.’ ” Weiss, 53 So.3d at 400.
In Weiss, we found no error in the trial court allowing an emergency room physician to testify against an orthopedic surgeon. However, the area of testimony was limited to how to move an injured football player from the field. We specifically indicated that our holding was limited to the facts of the case, and that, had the area of testimony concerned more specialized medical knowledge, the outcome may have been different. Id. at 401. We find Weiss distinguishable, and this case gives us the perfect opportunity to elucidate the distinction.
Here, the plaintiff sued her ophthalmologist for complications of eye surgery. The complaint specifically alleged the ophthalmologist:
(1) “held himself out to the public to be a specialist in the field of ophthalmology, specializing in ophthalmic plastic and reconstructive surgery”; and
(2) “breached the prevailing standard of care for proper sterile technique and/or proper sterilization technique in order to prevent the contamination of [the plaintiffs] surgical site.... ”
The plaintiff submitted an expert affidavit from an infectious disease doctor. These doctors do not “[sjpecialize in the same specialty.” § 766.102(5)(a)l. Fla. *1059 Stat. (2009). Simply put, the infectious disease doctor is not an eye surgeon nor is the ophthalmologist an infectious disease doctor.
The dissent suggests however that the infectious disease doctor satisfied the statute’s requirement that the expert’s specialty include “the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim.”[3] Id. (emphasis added). Here, the medical condition was ophthalmic in nature, a bilateral blephro-plasty. The infectious disease doctor does not “specialize in a similar specialty that includes the evaluation, diagnosis, or treatment of’ a bilateral blephroplasty or any type of surgery. And, the infectious disease doctor’s affidavit does not suggest otherwise.
If we were to allow an infectious disease doctor to be considered a similar specialty to an ophthalmologist or one “that includes the evaluation, diagnosis, or treatment of the medical condition” — a bilateral blephroplasty — we would impose the infectious disease doctor’s expertise on a dissimilar eye-surgery specialist. This ■vitiates the very nature of a physician’s specialization. Neither could we impose the eye surgeon’s specialization on the infectious disease doctor. In fact, the ophthalmologist in this case referred the plaintiff to an infectious disease specialist when he discovered the infection for the very reason that another type of specialist was needed.
As we identified in Weiss, there are some cases that involve allegations of more common medical knowledge and skill that may be possessed by doctors of dissimilar specialties. More likely than not, however, the allegations against a specialist require an expert in the identical specialty with the same or similar expertise to satisfy section 766.102’s specialization requirement. We therefore affirm the trial court’s dismissal of the ophthalmologist.

Affirmed.

GERBER, J. concurs.
LEVINE, J., dissents with opinion.

. Reference to the ophthalmologist includes his employer throughout the opinion.

. Sunrise Ophthalmology ASC, LLC remains in the case.

. The dissent acknowledges the Florida Legislature has now clarified the statute to require the same specialty to avoid the confusion the statute's previous language has caused.