# Third District Court of Appeal

## State of Florida

Opinion filed November 19, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-1137
Lower Tribunal No. 11-28529
_____

**Ramiro Nieves, M.D.,**
Petitioner,

vs.

**Jose Viera, etc.,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Billbrough & Marks, and Geoffrey B. Marks and Kristy Ochipinti, for petitioner.

Alan Goldfarb and Liah C. Catanese, for respondent.

Before SHEPHERD, C.J., and WELLS and SUAREZ, JJ.

SHEPHERD, C.J.

Dr. Ramiro Nieves seeks certiorari relief from a circuit court order denying his motion to dismiss a medical malpractice complaint, brought against him by Jose Viera in his capacity as personal representative of the estate of his deceased wife, Yoandry Viera, made on the ground that Mr. Viera failed to satisfy the pre-suit notice requirements of section 766.203(2), Florida Statutes (2011). Because the pre-suit requirements of Chapter 766 are at issue, we have jurisdiction. See Williams v. Oken, 62 So. 3d 1129, 1132-33 (Fla. 2011); Rell v. McCulla, 101 So. 3d 878, 881 (Fla. 2d DCA 2012). However, for the reasons stated below, we deny the petition.

## FACTS

On November 8, 2009, Dr. Nieves, a board-certified orthopedic surgeon, performed surgery on the decedent's fractured femur at Kendall Regional Medical Center. All agree the surgery was uneventful and successful, and the decedent was noted as doing well in the post-anesthesia care unit. Several hours later, after being administered pain medication by hospital nursing staff, she suffered respiratory arrest. Four days after that, she was dead. During those four days, hospital staff never called Dr. Nieves, and Dr. Nieves never called upon the decedent. He claims he had no duty or obligation to the patient beyond checking on her in the post-anesthesia care unit, and thereafter the patient's care lay with

hospital nursing staff and staff doctors, most of the latter of whom are co-defendants alongside Dr. Nieves in this lawsuit.

On April 25, 2011, Mr. Viera sent Dr. Nieves a notice of intent to initiate a medical malpractice action against him pursuant to section 766.106, Florida Statutes (2011). Included was the verified written medical expert opinion by Dr. Peggy Simon, a medical doctor specializing in the practice of internal medicine and pulmonology. Dr. Nieves moved to dismiss the complaint subsequently filed against him, on the ground that Dr. Simon does not "specialize in the same [or] similar specialty that includes the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim and have prior experience treating similar patients," as required by section 766.102(5)(a)1, Florida Statutes (2011).[1]

The central issue in the medical malpractice case as it pertains to Dr. Nieves— albeit not the issue before us—appears to be whether Dr. Nieves, who was not a hospital staff member, had a duty to follow the decedent's medical progress and care after she was transferred out of the post-anesthesia care unit, and, if so, whether his failure to follow her care thereafter was a proximate cause of her death. Counsel for the personal representative argued that Dr. Simon was a perfectly appropriate expert on this issue because the claim against Dr. Nieves was not based upon his orthopedic skills, but only his alleged post-operative

---

[1] The legislature deleted the "similar specialty" alternative from section 766.102(5)(a)1 effective July 1, 2013. See Ch. 2013-108, § 2, Laws of Fla.

negligence. Counsel for Dr. Nieves argued with equal force that only an orthopedic surgeon could satisfy the statutory "same or similar" requirement necessary to testify concerning the post-operative obligations of an orthopedic surgeon, like Dr. Nieves, who was not on hospital staff, but rather performed his craft at myriad hospitals in the region.

The gravamen of Dr. Nieves' petition is that the trial court failed to conduct an evidentiary hearing on his motion to dismiss. However, counsel for Dr. Nieves never asked for an evidentiary hearing. Rather, counsel repeatedly argued Dr. Simon's affidavit did not meet the requirements of section 766.203(2) "on its face." Opposing counsel likewise cast his argument in absolute terms, stating, as he closed, "To me, there is no question that we met the burden as required and that their motion should be denied." We find it is not, ipso facto, as Dr. Nieves would have us believe, a departure from the essential requirements of law for a trial court to fail to hold an evidentiary hearing on a motion to dismiss a medical malpractice complaint on the ground the pre-suit conditions of filing have not been satisfied when an evidentiary hearing has not been requested.

## ANALYSIS

**1) Certiorari Review**

Certiorari relief from the denial of a motion to dismiss is appropriate only if the petitioner establishes the following three elements: "(1) a departure from the

4

essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal." Williams, 62 So. 3d at 1132 (Fla. 2011) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004)). The Supreme Court of Florida has explained that "the last two elements are jurisdictional and must be analyzed before the court may even consider the first element." Id. The last two elements are met in this case. See id. at 1133 ("Florida courts have created an exception . . . and permit certiorari review when the presuit requirements of a medical malpractice statute are at issue.") (citing Martin Mem'l Med. Ctr., Inc. v. Herber, 984 So. 2d 661, 662 (Fla. 4th DCA 2008); Lakeland Reg'l Med. Ctr. v. Allen, 944 So. 2d 541, 543 (Fla. 2d DCA 2006)); see also St. Mary's Hosp. v. Bell, 785 So. 2d 1261, 1262 (Fla. 4th DCA 2001); Okaloosa Cnty. v. Custer, 697 So. 2d 1297 (Fla. 1st DCA 1997). Thus, the only question before us is whether the trial court departed from the essential requirements of law when it denied the motion to dismiss in this case without calling, sua sponte, for an evidentiary hearing.

**2) Departure from the Essential Requirements of the Law**

A departure from the essential requirements of law is a high standard, as explained by the Supreme Court:

> In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all

5

> possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. **The district courts should exercise this discretion only when there has been a violation of clearly established principle of law resulting in a miscarriage of justice.**

Williams, 62 So. 3d at 1133 (emphasis added) (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 527 (Fla. 1995)). In so doing, we do not review the sufficiency of Dr. Simon's pre-suit affidavit. See id. at 1135. Nor do we consider whether Dr. Nieves would have been entitled to an evidentiary hearing had he asked for one. Rather, the narrow but dispositive certiorari issue before us is whether the trial judge had an obligation to conduct an evidentiary hearing before she ruled. There is no clearly established statutory or case law mandating such a requirement.

In the first place, there is no automatic requirement that there be an evidentiary hearing on pre-suit motions to dismiss. Some cases are quite clear an evidentiary hearing is not necessary. Edwards v. Sunrise Ophthalmology Asc, LLC, 134 So. 3d 1056, 1059 (Fla. 4th DCA 2013) (holding, without remanding for an evidentiary hearing, that an infectious disease doctor does not specialize in the same or similar specialty as an ophthalmologist); Yocom v. Wuesthoff Health Sys., Inc., 880 So. 2d 787, 790 (Fla. 5th DCA 2004) (finding the trial court was correct in suggesting that a doctor of chiropractic medicine could not provide a qualifying

6

affidavit against a urologist).  In other cases, the trial court has been told to conduct an evidentiary hearing when requested to do so.  See Wood v. Virgo, 3 So. 3d 430, 431 (Fla. 2d DCA 2009) (Wallace, J., concurring); Martin Mem'l Med. Ctr., 984 So. 2d at 664; Paranzino v. Berger, 755 So. 2d 655, 657 (Fla. 4th DCA 1998).  In still others, a trial judge has raised sua sponte the issue of an evidentiary hearing and been faulted for not having followed through.  See e.g., Bery v. Fahel, 88 So. 3d 236 (Fla. 3d DCA 2011).

Dr. Nieves cites three cases which he says stand for the proposition that the trial judge has the obligation to initiate the evidentiary hearing in a medical malpractice pre-suit setting:  Williams v. Oken, Holden v. Bober, and our more recent case, Bery v. Fahel.  We find Williams to be unpersuasive.  The Florida Supreme Court in Williams did not rest its decision on whether an evidentiary hearing was required before the trial court could decide the pre-suit issue, but rather on the ground that the District Court of Appeal had exceeded its authority in granting a writ of certiorari to review the sufficiency of an expert's qualifications under Chapter 766.  62 So. 3d at 1136.  Indeed, the Court found the trial judge's determination, without an evidentiary hearing, that an emergency room physician was qualified as an expert in a suit against a cardiologist "does not amount to a violation of a clearly established principle of law resulting in a miscarriage of justice."  Id. at 1137.  The acknowledgement at the end of the opinion that "the

7

First District should have . . . dismissed the petition and remanded the case to the trial court for an evidentiary hearing" was not a sua sponte call for an evidentiary hearing, but rather a recognition, based upon the debate on the subject by the judges of the District Court of Appeal, that a proper disposition of the case should have been resolved in favor of an evidentiary hearing.

Nor does our case, <u>Bery,</u> provide any assistance to the petitioner. In <u>Bery</u>, we noted the trial court, without objection, initially ordered an evidentiary hearing, but failed to conduct one. 88 So. 3d 237-38. Coming to us in a different procedural posture—an appeal from a final judgment of dismissal of the action, **not** a certiorari proceeding as we have before us today—we held on de novo review that the trial judge should have held an evidentiary hearing. <u>Id.</u> at 238. Perhaps even more significantly, our decision on the point was not made sua sponte, but rather with the knowledge that the question had been raised below.

<u>Holden</u>, the final case cited by the petitioner makes our point. Citing a passel of cases where an evidentiary hearing was, in fact, held on a motion to dismiss a medical malpractice case based upon pre-suit deficiencies, the Second District Court of Appeal could go no further than state, that "often" the pre-suit compliance "inquiry is accomplished by conducting an evidentiary hearing." <u>Holden</u>, 39 So. 3d at 402.

This, of course, is not the stuff of which a certiorari case is made. In order to prevail on certiorari review, Dr. Nieves must demonstrate the trial court departed from the essential requirements of law. See Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 890 (Fla. 2003) ("Clearly established law can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law."). The case law falls far short of the establishment of an unremitting principle that an evidentiary hearing must always be conducted or called for sua sponte by a trial judge before ruling upon a motion to dismiss a medical malpractice action based upon the plaintiff's failure to meet pre-suit requirements. On this narrow but decisive ground, we deny the petition for certiorari in this case.

Petition denied.