# Third District Court of Appeal
## State of Florida

Opinion filed February 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1164
Lower Tribunal No. 21-11597 CC

_____

## Lion Intelligence & Security Services, Inc., et al.,
Appellants,

vs.

## Quicksilver Capital, LLC,
Appellee.

An Appeal from the County Court for Miami-Dade County, Natalie Moore, Judge.

Metschlaw, P.A., and Lawrence R. Metsch (Hollywood), for appellants.

No appearance for appellee.[1]

Before FERNANDEZ, C.J., and HENDON and GORDO, JJ.

GORDO, J.

_____

[1] Appellee was precluded from filing an answer brief after failing to heed this Court's order directing them to file same within a specified period of time.

Lion Intelligence & Security Services, Inc. ("Lion") and Wancito Francius ("Francius") appeal the trial court's order granting Quicksilver Capital, LLC's ("Quicksilver") motion to dismiss with prejudice. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). The sole issue here is whether the trial court had an obligation to conduct an evidentiary hearing on Quicksilver's motion to dismiss. Finding no error in the dismissal, we affirm. See Skupin v. Hemisphere Media Grp., Inc., 314 So. 3d 353, 357 (Fla. 3d DCA 2020) ("[A]s everything the trial court needed to make its determination as a matter of law was in the complaint or incorporated into it, the trial court correctly dismissed the complaint with prejudice."); Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001) ("[R]es judicata bars relitigation in a subsequent cause of action not only of claims raised, but also claims that could have been raised."); Nieves v. Viera, 150 So. 3d 1236, 1238 (Fla. 3d DCA 2014) ("[T]here is no automatic requirement that there be an evidentiary hearing on pre-suit motions to dismiss. Some cases are quite clear an evidentiary hearing is not necessary."); Griffin v. City of Sweetwater Police Dep't, 319 So. 3d 89, 92 (Fla. 3d DCA 2021) ("Notwithstanding the number of amendments, the court would be within its rights to limit amendment based on futility if it were apparent on the face of the pleadings that no combination of facts and legal standards would allow recovery.")

Affirmed.